ENRIQUE ROSADO ALVAREZ, Petitioner and Appellant, *v.* SIXTO M. SALDAÑA, WARDEN OF INSULAR PENITENTIARY, Respondent and Appellee.

No. 8579.  Argued July 28, 1942.—Decided July 30, 1942.

*Enrique Rosado Alvarez, in pro. per.,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

■ On November 22, 1932, the appellant was sentenced to ten years in the penitentiary. He completed the service of this sentence on December 11, 1940. While serving the said sentence, the appellant on April 1, 1937, was sentenced to twenty years on another charge. This last sentence was vacated on August 22, 1941, in a *habeas corpus* proceeding. On September 3, 1941, the appellant was sentenced to twelve years on the aforesaid second charge.

The only question before us is whether the appellant is entitled to a deduction from the twelve-year sentence which he is now serving of the period between April 1, 1937 (the date of the twenty-year sentence subsequently declared void in the *habeas corpus* proceeding), and December 11, 1940, the date he completed service of his first ten-year sentence. The appellant's position is that during that time he was being held in custody pending disposition of the second charge against him, and was therefore entitled to credit for this period on the twelve-year sentence of September 3, 1941.

The district judge properly disposed of this contention in the following language:

"As to the remaining particulars of the petition, the same must be dismissed, for, in the final analysis, it appears from the evidence that the time which the petitioner alleges should be credited to him on his sentence for murder, that is, the period from April 1, 1937, to December 11, 1940, was not spent by the petitioner in the penitentiary awaiting the sentence of September 3, 1941; he was in the penitentiary serving another sentence. If a detention awaiting sentence (*prisión preventiva*) had been involved, he would have been confined in jail. Therefore, in accordance with the act relating to the granting of credits on terms of imprisonment (*preventiva*), he is not entitled to have the period from April 1, 1937, to December 11, 1940, credited on the sentence of September 3, 1941. He is, of course, entitled to have credited the time served from December 11, 1940, to September 3, 1941, and such credit has already been granted to him."

In addition, as the *Fiscal* of this court points out, the only valid sentence on the second charge was delivered on September 3, 1941. Consequently, no question of service of the two sentences concurrently is involved in this case, as service of the first sentence was completed on December 11, 1940, prior to the entry on September 3, 1941, of the twelve-year sentence on the second charge. (See *Dones* v. *Saldaña, ante,* p. 177.)

The judgment of the district court will be affirmed.